[Civ. No. 11675.   Second Appellate District, Division One.—January 21, 1938.]

HERBERT CUTLER BROWN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Herbert Cutler Brown, *in pro. per.*, and Ferman E. Davis for Petitioner.

Carpenter, Babson & Fendler, and Everett W. Mattoon, County Counsel, for Respondents.

YORK, P. J.—It appears from the record herein that Leslie E. Still, judge of the superior court, made a certificate, certifying:

## "JUDGE'S CERTIFICATE

"I HEREBY CERTIFY the foregoing transcript consisting of 146 pages to be true and correct, and the same is hereby settled and allowed this 8th day of October, 1937.

"Leslie E. Still,
"Judge of the Superior Court."

This certificate was attached to a transcript which contained the following stipulation:

## "STIPULATION

"We Hereby Stipulate the foregoing to be a full, true and correct transcript of the papers, pleadings, records and files presented by defendant and appellant at the hearing of said motion on May 27, 1937, in the above entitled court and cause.

"Ferman E. Davis
"Herbert Cutler Brown
"Attorneys for Defendant and Appellant
"Ingle Carpenter & Harold A. Fendler
"By Harold A. Fendler
"Attorneys for Plaintiff and Respondent."

The plaintiff was one Zoe Lowe Brown and the only defendant, Herbert Cutler Brown, was also the only appellant in the proceeding in which the "transcript" was prepared.

An order to show cause was issued herein to determine whether or not the said defendant judge had, in certifying to said transcript, fully complied with everything that was legally required of him in the premises. The above certificate signed by the trial judge is a more favorable certification for appellant than the stipulation provided for, and it is called to our attention in the response to the order to show cause that there was other evidence presented to the court

by Zoe Lowe Brown, the plaintiff in the case, upon the hearing of the motion of petitioner, which evidence is not set out in the "transcript". Said motion was denied by the trial court, and in denying the petitioner's motion the said court not only considered the evidence introduced by the defendant, who is also the appellant, but also considered the oral testimony introduced by the plaintiff in said original case who was resisting the motion of appellant therein, which evidence consisted of documentary evidence and records and files. No part or portion of the evidence so presented by the said plaintiff and respondent upon the hearings of the "motion for an Order or judgment of respondent court *vacating* and setting aside the portion of the Judgment of December 9 1936" (page 5, lines 11 to 15, inclusive, of "Petition for Relief and for Writ of Mandate", quoted without correction) appears in the transcript presented for certification to Judge Still.

The concluding portion of the response to the order to show cause filed herein requests that petitioner's order to show cause herein should be discharged and both his petition and appeal dismissed.

The petitioner's order to show cause herein is discharged, for the reason that the trial judge has made a certificate as favorable to petitioner herein as could be made in the given matter under the facts and circumstances shown, to wit, the fact that there was evidence introduced other than the evidence set forth in the transcript on appeal presented by the petitioner herein. We are not passing upon the sufficiency of the method of appeal, as that is unnecessary by reason of the foregoing decision.

Doran, J., and White, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 21, 1938, and the following opinion then rendered therein:

THE COURT.—The petition for hearing is denied. The decision of the District Court of Appeal discharges the order to show cause theretofore issued by said court upon petitioner's application made under section 652, Code of Civil Procedure. Said appellate court decision does not dismiss

the appeal taken by petitioner from the orders of the Superior Court of Los Angeles County denying petitioner's motions to vacate the judgment entered against him.

The decision of the appellate court states that upon the hearing of petitioner's motions to vacate said judgment other evidence was presented by the plaintiff in addition to the judgment rolls contained in the transcript. Petitioner contends that this statement, taken by the appellate court from the response filed by respondent to the order to show cause, is incorrect.

The petitioner's contention is that the judgment entered against him is absolutely void on the judgment rolls of the first and second trials. The record presented contains the judgment roll of both the first and second trials, certified as "full, true and correct" by the clerk, who is the proper official to certify judgment rolls. (Sec. 953, Code Civ. Proc.) In addition there is the certificate of the trial judge appended to the entire transcript that it is "true and correct". Petitioner is not prejudiced by the failure of the judge's certificate to certify that said transcript is "full, true and correct".